IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ST. PAUL'S MAR THOMA CHURCH,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:14-CV-2081-L** |
| | § | |
| **DEIDRAH L. DADE AND** | § | |
| **ALL OCCUPANTS,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

For the reasons herein explained, the court lacks subject matter jurisdiction over this action

and *sua sponte* **remands** the action to Justice of the Peace, Precinct 2, Place 2, Dallas County, Texas,

from which it was removed.

### I.      Standard for Subject Matter Jurisdiction

Defendants removed this case based on diversity and the amount in controversy.  A federal

court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties

of the United States," or over civil cases in which the amount in controversy exceeds $75,000,

exclusive of interest and costs, and in which diversity of citizenship exists between the parties.  28

U.S.C. §§ 1331, 1332.  Federal courts are courts of limited jurisdiction and must have statutory or

constitutional power to adjudicate a claim.  *See Home Builders Ass'n of Miss., Inc. v. City of*

*Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  Absent jurisdiction conferred by statute or the

Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter

jurisdiction is lacking.  *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir.

1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*"). As this action was removed on the basis of diversity of citizenship and the amount in controversy, the court turns to that issue.

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of diversity mandates remand or dismissal of the action. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991). A notice of removal "must allege diversity both at the time of the filing of the suit in state court and at the time of removal." *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993) (quotation marks and citations omitted). Such failure, however, is a procedural defect and may be cured by filing an amended notice. *Id.* n.4.

A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "'Citizenship' and 'residency' are not synonymous." *Parker v. Overman*, 59 U.S. 137, 141 (1855). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)). A national bank, for diversity purposes, "is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006).

For diversity purposes, the amount in controversy normally is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. 28 U.S.C. § 1446(c)(2); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995). In a removal case, when the complaint does not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that "the amount in controversy exceeds the [$75,000] jurisdictional amount." *St. Paul Reinsurance*, 134 F.3d at 1253. "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount of the claim will exceed [the jurisdictional amount]." *De Aguilar*, 47 F.3d at 1412 (footnotes

**Memorandum Opinion and Order – Page 3**

omitted). The test to be used by the district court is "whether it is more likely than not that the amount of the claim will exceed [the jurisdictional amount]." *St. Paul Reinsurance*, 134 F.3d at 1253 n.13. As the Fifth Circuit has stated, "[t]he district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *Id.* at 1253. If a defendant fails to establish the requisite jurisdictional amount, the court must remand the case to state court. If a defendant establishes that the jurisdictional amount has been met, remand is appropriate only if a plaintiff can establish "to a legal certainty" that his recovery will not exceed the jurisdictional threshold. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 388 (5th Cir. 2009).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance*, 134 F.3d at 1253 (footnote omitted). Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

## II. Discussion

Defendants removed this action on June 6, 2014, in an attempt to stay the state court proceedings in which Defendants were ordered removed from the property at issue. Defendants' Notice of Removal states that Defendants are citizens of Texas and Plaintiff is a national bank and

**Memorandum Opinion and Order – Page 4**

citizen of Oklahoma. Defendants also allege that the amount in controversy is $76,100, which is the fair market value of the property at issue.

Even assuming that there is complete diversity of citizenship, the court concludes that it lacks jurisdiction because the amount in controversy requirement has not been satisfied. The amount in controversy in this case is not the value of the property itself but instead the value of the right to occupy or immediate possession of the property. *See, e.g., Wells Fargo Bank NA v. Carson*, 3:11-CV-00963-M(BF), 2012 WL 3454142, at *2 (N.D. Tex. July 23, 2012), *report accepted by* 2012 WL 3518029 (N.D. Tex. Aug. 15, 2012); *Wells Fargo Bank, N.A. v. Santana*, No. 3:10-CV-923-B, 2010 WL 5313734, at *2 (N.D. Tex. Dec. 20, 2010); *Wells Fargo Bank v. Jones*, No. 3:10-CV-758-L, 2010 WL 3304240, at *5 (N.D. Tex. Aug. 19, 2010); *BAC Home Loans Servicing, LP v. Pace*, No. 3:10-CV-1038–K, 2010 WL 3447153, at *3 (N.D. Tex. Aug. 31, 2010). As Defendants are tenants in sufferance under Chapter 24 of the Texas Property Code, the only question regarding jurisdiction is the value of the right to immediate possession or occupancy of the property, not the property's fair market value. Thus, Defendants' allegations regarding the market value of the property are insufficient for purposes of satisfying the amount in controversy. Moreover, Defendants do not allege that a federal question exists to support jurisdiction, and the court concludes that one does not exist. Defendants have therefore failed to meet their burden of establishing subject matter jurisdiction, and remand or dismissal of the action is mandated. *See Stafford*, 945 F.2d at 805.

## III.    Conclusion

For the reasons explained, the court lacks subject matter jurisdiction over this action and *sua sponte* **remands** it to Justice of the Peace, Precinct 2, Place 2, Dallas County, Texas, from which it

was removed.  The clerk of the court **shall** effect the remand in accordance with the usual procedure.

   **It is so ordered** this 26th day of June, 2014.


                                         Sam A. Lindsay
                                         United States District Judge